## RAKE,
### *Appellant,*
*v.*
## BOISE CASCADE CORPORATION,et al,
### *Respondents.*

### (CA 13603)

604 P2d 421

Carlton W. Hodges, Portland, argued the cause for
appellant. With him on the brief was Bernard, Hurley,
Crawford, Hodges & Kneeland, Portland.

William E. Blitsch, Portland, argued the cause and
filed the brief for respondent.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

In this action for wrongful death brought by the personal representative of the decedent's estate, damages are sought to compensate the parents of the decedent for pecuniary loss and the loss of the society, companionship and services of the decedent. Plaintiff assigns as error the order of the trial court sustaining defendant's demurrer to the complaint. The trial court ruled that parents have no claim under the Wrongful Death Act, ORS 30.020 *et seq.*, where the decedent is survived by children. Decedent here was not survived by a spouse.

The issue is whether a parent has a cause of action for a wrongful death when there are surviving children of the decedent, that is, whether the person for whom the personal representative can claim damages is determined by the laws of intestacy.

The cause of action arises under ORS 30.020(1):

"When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent, for the benefit of the decedent's surviving spouse, surviving children, surviving parents and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had he lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within three years after the occurrence of the injury causing the death of the decedent."

ORS 30.020(2)(d) sets forth the damages compensable on behalf of decedent's spouse, children and parents in an amount which:

"Justly, fairly and reasonably compensates the decedent's spouse, children and parents for pecuniary loss and for loss of the society, companionship and services of the decedent."

[769]

Plaintiff argues that in subsection 2(d) the beneficiaries of a wrongful death recovery are listed in the conjunctive rather than the disjunctive indicating that each has an independent claim. Defendant contends the clause in subsection (1) that "who under the law of intestate succession * * * would be entitled to inherit the personal property of the decedent" modifies the listed beneficiaries. Defendant argues that the parents would not be entitled to an intestate distribution and therefore do not have a cause of action for wrongful death.

The Supreme Court in *Christensen v. Epley*, 287 Or 539, 601 P2d 1216 (1979), discussed the structure of the Wrongful Death statute. That case involved a wrongful death claim filed by the personal representative on behalf of the decedent's surviving widow, his children and his mother. The Court held the claim was not filed on behalf of the estate but was filed by the personal representative as a nominal party on behalf of the real parties in interest listed in the statute. The recovery is for the benefit of the surviving spouse, the children and the parents for their individual loss of decedent's society, companionship and services.

It follows that the parents have a cause of action independent of the other listed beneficiaries and not dependent of their right to share in the intestate distribution of decedent's estate. The clause quoted above from ORS 30.020(1) applies only to the individuals other than the surviving spouse, children and parents. The individuals other than the spouse, children and parents have a wrongful death claim only if they are entitled to inherit the personal property of the decedent under the laws of intestate succession. The clause does not limit the right of surviving spouse, children or parents to bring a wrongful death claim.

We conclude the demurrer was improperly sustained.

Reversed and remanded.